GREEN, Judge,
delivered the opinion of the court:
The findings show that the plaintiff sold defendant a large quantity of oats to be furnished to the defendant upon notice. Part of the oats was shipped and accepted by de *445 fendant and defendant then notified plaintiff that it would not receive any more. Immediately thereafter the plaintiff sold the remainder of the oats at the market price. The measure of plaintiff’s damages is the difference between the market price and the contract price on the oats which defendant declined to accept, together with the necessary expenses of the sale. The contract price was $3,078.48 more than the market price, and the plaintiff paid $148.17 commission on the sale, making a total amount of damages sustained by reason of breach of the contract $3,226.65. On the several items of the defendant’s counterclaim, as shown by Finding YI, the defendant is entitled to recover a total of $2,664.85. The remainder of defendant’s counterclaim is not proved and in this connection perhaps counsel ought to be reminded that statements of accounts, as shown in the Government’s books, records, or" files,. by themselves and alone, are inadequate. The Government is not exempt from the rules of evidence that apply to other litigants. Deducting the amount allowed on the counterclaim from the amount of damages sustained by plaintiff by reason of the breach of contract, we have $562.30 for which the plaintiff is entitled to judgment.
The plaintiff and defendant in argument seem to disagree as to the rule of law which should be. applied in measuring the damages. In fact, the result would be the same whichever way the damages are computed, and the cases cited by the respective attorneys, while seeming to be in conflict, are in reality harmonious. The defendant’s calculations do not include the cost of selling the oats and the plaintiff’s calculations apparently have a slight mathematical error.
GRAHAM, Judge, and Booth, Chief Justice, concur.