GeeeN, Judge,
delivered the opinion:
The plaintiff was one of a number of concerns from which the defendant during the pendency of the World War or shortly after had ordered meat products. As a result of the cessation of hostilities, the Government found itself in a position where large orders were outstanding for products for which it would have no use.
The defendant had ordered a large quantity of canned roast beef from the plaintiff for delivery in the months of January, February, and March, of 1919. It permitted the plaintiff to fill the orders for January and February and settled for the same, but on January 25, 1919, canceled the order for the products that were to be delivered at a later date. At the time of the cancellation of the order, as above set forth, plaintiff had manufactured and had on hand over and above what was necessary to fill the orders for delivery in January and February, a large number of cans of roast beef, and also at the same time had on hand over and above what was necessary to fill the orders for January and February, a large amount of raw beef. In this situation it is clear that the iffaintiff is entitled to recover the amount of damages sustained by reason of the cancellation so far as shown by the evidence.’ Unfortunately as to the main part of the case, there is no evidence to show what loss the plaintiff sustained.
The evidence shows the amount of canned roast beef which plaintiff had on hand at the time of the cancellation *595 over and above the amount which the defendant was willing to receive. But there is nothing in the evidence to show how much was realized from the sale of this canned beef, or even the market value of the material that went into the canned goods. It is quite probable that under the circumstances a loss was sustained, but we have no way to even make an estimate as to the amount thereof.
There is practically the same situation as to the raw beef. The cost of this beef is shown and the amount which plaintiff held over and above the orders which it was permitted to fill. But plaintiff took this beef and manufactured it into Vienna sausage, Hamburg steak, corned beef, etc., and sold the products therefrom prior to July, 1919. The evidence does not even show the amount realized from such sales, and the evidence as to the market value thereof is so unsatisfactory and unreliable that we are compelled to reject it. The defendant contends that the plaintiff having converted this raw beef to its own use can not in any event recover for any loss thereon. But we have no necessity to determine this question. While, as we shall see further on, the evidence is such that it would seem apparent that a loss resulted, we have m> way to determine the amount thereof and consequently the plaintiff can not recover therefor.
The plaintiff had ordered for its March requirements a large amount of beef of certain kinds and description not necessary to be specified here from the Krey Packing Company. When the plaintiff received the notice of cancellation it requested the Krey Packing Company to cancel all its unshipped orders. Part of this beef the Krey Packing-Company diverted to its own use; and part of it, which was en route from its plant, it diverted to the Cudahy Packing Company, of South Chicago, Illinois, who converted it into boneless beef with the addition of salt and returned the same to the Krey Packing Company. The Krey Packing Company credited plaintiff with what it claimed to be the proceeds derived from the beef which it used, and charged the plaintiff with the balance of the price of the order. It also charged the plaintiff with what it claimed to be its loss on the beef that had been shipped to the Cudahy Packing Company, as above stated. But there is nothing to show *596 that the plaintiff had ever paid the Krey Packing Company any amount on account of its claims, or that there has ever been any attempt on the part of the Krey Packing Company to enforce them. All that we have in the way of evidence is these credits and charges made by the Krey Packing Company. As to whether they were correct, there is no evidence and consequently this part of plaintiff’s claim must also be rejected.
At the time of the cancellation of the orders, the plaintiff had on hand a large number of cans and boxes purchased for use in filling the March orders. After these orders were canceled, these receptacles had no value and the plaintiff is entitled to recover their cost, which was $377.87.
Plaintiff also incurred charges in connection with the surplus beef for cold storage, cartage from storage to plant, and freight amounting to $2,939.70. Obviously the plaintiff is entitled to recover this amount unless there is some set-off against it. It is contended on behalf of the defendant that the plaintiff may have made a profit on the beef which it converted and sold. It is true that the evidence fails to show what plaintiff realized in this way, but the evidence shows that the market for beef and beef-products at the time of the cancellation of the March order was greatly depressed and continued to be in that condition up to the time when the products were sold. Under such conditions, we think it may be properly said that the evidence shows that no profit could have been made on the beef which was converted and sold. We therefore think the plaintiff is entitled to recover the amount of these charges, which was $2,939.70.
The total amount which plaintiff is entitled to recover under the evidence is $3,317.57. Judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; and Booth, Chief Justice, concur.