Williams, Judge,
delivered the opinion of the court:
It is clear from the facts that the defendant breached its. contracts with plaintiff and that the letter of June 11, 1934, was a direct cancellation thereof. This cancellation was not in accordance with any provision reserved in any of the contracts and the defendant’s refusal to accept and pay for the remaining 9,572 cubic yards of clay constituted a breach.
Plaintiff seeks to recover the amount of $3,389.25, being* the difference between the total contract price and the amount paid by defendant for the clay removed, and relies upon the case of Purcell Envelope Co. v. United States, 51 C. Cls. 211, affirmed 249 U. S. 313. In that case this court held that actual damages clearly include the direct and actual loss which the plaintiff sustains. In that case this court gave judgment for the plaintiff for the difference between the price fixed in the contract for certain envelopes and newspaper wrappers which it agreed to furnish and the cost of furnishing them after making a reasonable allowance for less time engaged and for release from the care, trouble, and responsibility attending a full and complete execution of the contract. Applying that rule here, where the material which was made the subject of the contract was in existence and in possession of plaintiff at the time of the breach, plaintiff’s measure of damage is the difference between the contract price for the remaining clay which defendant declined to take and the fair market value thereof. In Swift & Company v. United States, 59 C. Cls. 364, 437, this court said:
As against this gross amount the plaintiff must, of course, be charged with the net amount realized or the amount which should have been realized from the sale of the bacon, * * *. No doubt, but for one very material fact, the measure properly to be applied to this side of the account would be “market value,” but the material fact is_ that there was bo market value in the true sense. This was not a commercial product, there was but one customer, and when that customer declined to take it there was no market except as it might be created.
This decision was affirmed in United States v. Swift & Co., 270 U. S. 124, in which the court said, at page 149:
*521 This was a case where the only standard could be the contract piice and the amount realized at actual sale by diligent effort. The rule is that where there is no general market or the merchandise is of a peculiar character and not staple, it is necessary that some other criterion be taken than the difference between the agreed price and the general market value.
In Baker Food Products Co. v. United States, 75 C. Cls. 591, 598-603, we held that the measure of damage for a breach of contract for certain canned beef was the difference between the contract price and the fair market value to the plaintiff even though there was no determinable market price and the article was not, at the time of the breach of the contract, readily salable in the market for any determinable market price. Plaintiff in that case submitted evidence to show the reasonable and fair market value to him of the product which the defendant refused to take and the court fixed the value on this basis although it was necessary in order to handle or dispose of the product for the plaintiff to rework it. See, also, Manowitz v. United States, 66 C. Cls. 247; Electric Boat Co. v. United States, 66 C. Cls. 333; Bradley v. United States, 66 C. Cls. 551; Harrisburg Pipe & Pipe Bending Co. v. United States, 67 C. Cls. 138; Fain Grain Co. v. United States, 68 C. Cls. 441; Briggs & Co. v. United States, 74 C. Cls. 347.
In the case at bar plaintiff had performed his part of the¡ contract by removing the overburden from the clay and making the same available for removal by defendant, and his measure of damages upon breach of the contract is clearly the difference between the unpaid contract price and the fair value of the clay which the defendant refused to take. Upon the whole record it appears that at the time of breach of the contracts in the circumstances then existing the fair value of the remaining 9,572 cubic yards of clay called for by the contract was not more than five •cents a cubic yard, and we have so found. Judgment will therefore be entered in favor of plaintiff for $2,880.65. It is so ordered.
Whaley, Judge; LittietoN, Judge; Green, Judge; and Booth, Ohief Justice, concur.